IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED

MAR 18 2015

CLERK, U.S DISTRICT COURT
NORFOLK, VA

KEVIN HOLLAND,

    Petitioner,

v.

    Criminal Action No. 4:06cr52
    Civil Action No. 4:13cv119

UNITED STATES of AMERICA,

    Respondent.

## OPINION & ORDER

This matter is before the Court upon Petitioner Kevin Holland's ("Petitioner") Motion to Vacate under 28 U.S.C. § 2255 ("Motion"). Doc. 14. On October 16, 2014, the Court **DENIED** Petitioner's Motion as to Ground One but withheld a ruling as to Ground Two pending the en banc decision of the United States Court of Appeals for the Fourth Circuit in Whiteside v. United States, 775 F.3d 180 (4th Cir. 2014) (en banc). Doc. 24. For the reasons stated herein, the Court **FINDS** that no hearing is necessary as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), and now **DENIES** Petitioner's Motion as to Ground Two.

### I. BACKGROUND

On April 12, 2006, a four-count Indictment was returned against Petitioner. Doc. 1. On May 31, 2007, Petitioner plead guilty to Count One, which charged him with Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 18 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii), and Count Four, which charged him with Use of a Firearm During Drug Trafficking, in violation of 18 U.S.C. § 924(c)(1)(A). Doc. 5. Petitioner appeared before the Court on November 14, 2007 and was sentenced to three-hundred and twenty-two (322)

months imprisonment. Doc. 13. This consisted of two-hundred and sixty-two (262) months as to Count One and sixty (60) months as to Count Four, which were to be served consecutively. Id. Petitioner was sentenced as a career offender under the United States Sentencing Guidelines and appealed neither his conviction nor sentence.

On November 3, 2013, approximately five years after final judgment was entered, Petitioner filed the instant Motion under 28 U.S.C. § 2255. Doc. 14. On May 15, 2014, the Court Ordered the Government to respond to the Motion, Doc. 17, and the Government filed its Response on June 20, 2014. Doc. 18. After receiving an extension from the Court, Petitioner filed his reply on August 29, 2014. Doc. 23. On October 16, 2014, the Court issued an Order **DENYING** Petitioner's Motion as to Ground One but withholding ruling as to Ground Two pending the en banc decision of the Fourth Circuit in Whiteside. Doc. 24. The Fourth Circuit handed down its ruling on December 19, 2014.

## II. LEGAL STANDARD

Section 2255 is designed to correct fundamental constitutional or jurisdictional errors that would otherwise "'inherently result[] in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). In order to move a district court to vacate, set aside, or correct a sentence under Section 2255, a petitioner must prove that one of the following occurred: (1) his "sentence was imposed in violation of the Constitution or laws of the United States;" (2) the Court was without jurisdiction to impose such a sentence; (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A petitioner bears the burden of proving grounds for collateral review of his sentence by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965); Hall v. United States, 30 F.

Supp. 2d 883, 889 (E.D. Va. 1998).

> A one-year statute of limitations applies to motions under 28 U.S.C. § 2255.
>
> [It runs] from the latest of—(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Equitable tolling is appropriate "in those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)). The Petitioner has the burden to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

Furthermore, in McQuiggin v. Perkins, 133 S.Ct 1924, 1928 (2013), the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the statue of limitations." It was noted, however, that a "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted). Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief. United States v. Witherspoon, 231 F.3d 923, 925–26 (4th Cir. 2000); see also 28 U.S.C. § 2255(b).

In Whiteside v. United States, 748 F.3d 541, 546–47 (4th Cir. 2014), vacated, 775 F.3d 180 (4th Cir. 2014) (en banc), the Fourth Circuit found "that the erroneous application of the career offender enhancement worked a gross miscarriage of justice" and the statute of limitations for the petitioner's claim was subject to equitable tolling. However, sitting en banc, the Fourth Circuit vacated the panel's original holding in Whiteside and rejected the petitioner's argument that, in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), his "sentence should be vacated because after *Simmons* his prior drug offenses would no longer qualify as predicate felony convictions for purposes of sentencing enhancements, including the career offender enhancement under § 4B1.1 of the guidelines." Whiteside, 775 F.3d at 182. Instead, the Court held that the petition was untimely because Simmons merely "altered the legal significance of Whiteside's prior convictions without amending the convictions themselves;" likewise, "[d]ecisons that change the legal significance of certain facts without modifying them do not qualify under [§ 2255](f)(4)." Id. at 182, 184.

### III. ANALYSIS

In an attempt to overcome Section 2255's one-year statute of limitations, Petitioner claims that equitable tolling is appropriate because, under Simmons, he is "actually innocent of the career offender enhancement imposed against him." Doc. 15 at 5. Akin to the defendant in Whiteside, Petitioner alleges, and relies upon, the retroactive applicability of the Fourth Circuit's holding in Simmons when he argues that one of the two drug offenses used to qualify him as a career offender is no longer a qualifying felony offense. See id. at 3. In light of the Fourth Circuit's recent en banc holding in Whiteside, however, this argument cannot stand. Petitioner does not meet the threshold requirement for "actual innocence" as set forth in McQuiggin because he is not claiming

that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." McQuiggin, 133 S.Ct at 1928. Rather, Petitioner is making roughly the same claim as the defendants in Simmons and Whiteside, that he should be resentenced because one of his prior drug offenses no longer qualifies as a predicate felony for purposes of the career offender enhancement and that this change is sufficient to toll the statute of limitations under Section 2255(f).

In Whiteside, the Fourth Circuit held that this status change merely alters the offense's legal significance and does not toll Section 2255's one-year statute of limitations. As such, Section 2255(f)(1), " the date on which the judgment of conviction becomes final," controls. Petitioner's conviction became final on November 14, 2007, and he did not file his Section 2255 Motion until November 3, 2013, almost five years after the expiration of the statute of limitations. Petitioner's Motion is, therefore, untimely and **DENIED.**

## IV. CONCLUSION

For the reasons stated herein, the Court **FINDS** that no hearing is necessary as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Petitioner's Motion, Doc. 14, is **DENIED** as to Ground Two.

Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural issue, a certificate of appealability is also **DENIED**.

Petitioner is **ADVISED** that he may appeal this Order by forwarding a written notice of appeal to the Clerk, United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days

from the date of this Order. To proceed in forma pauperis on appeal, Petitioner must submit an application to proceed in forma pauperis to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to mail a copy of this Order to Petitioner and to the counsel of record for the United States.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 18, 2015